UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ADMIRAL CONTAINER LINES OF MALTA.,            :
                                              :
       Plaintiff,                              :
vs.                                           :    Case No.
                                              :
USD 253,120, *in rem*,                        :
held by J.P. MORGAN CHASE BANK, N.A.,         :
383 Madison Avenue                            :
New York, NY 10179;                           :
XYZ CORPORATION; AND JOHN DOES 1-100,         :
                                              :
       Defendants.                             :
                                              :
------------------------------------------------------------------------X

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff Admiral Container Lines of Malta (hereinafter "Plaintiff" or "Admiral Container"), by and through undersigned counsel, and hereby files this Verified Complaint and alleges and pleads as follows:

### JURISDICTION AND VENUE

1.    This action is within the admiralty jurisdiction of this court pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case is brought under the provisions of Rule B and Rule D of the Supplemental Rules of Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules").

2.    Venue is proper in accordance with provisions of the Supplemental Rules as Plaintiff seeks to arrest and attach tangible property located in this judicial district pursuant to Rule B and Rule D.

1

## THE PARTIES

3. At all times material hereto, Plaintiff Admiral Container Lines of Malta, was and still is a foreign business organized under the laws of Malta.

4. Defendant *in rem*, consists of the following property: USD 253,120, (the "Subject Funds") located in an account held by J.P. Morgan Chase Bank, N.A., 383 Madison Avenue, New York, NY 10179 (hereinafter "Chase Bank").

5. Defendant XYZ Corporation, fraudulently doing business as and impersonating Island Petroleum Limited, under the fraudulent name: "Nena LLC Island Petroleum Limited," is upon information and belief, a fraudulent company with an unknown principal place of business which is not located within the District and does not have an agent for service of process.

6. Defendants John Does 1-100, fraudulently doing business as and fraudulently alleging to be an employee of "Nena LLC Island Petroleum Limited," is upon information and belief, not located within the District, does not reside within the District, and does not have an agent for service of process.

## FACTS

7. Plaintiff is an international shipping company engaged in the operation of a short sea container line between Turkey, Israel, and destinations along the Black Sea and Mediterranean Sea for more than twenty (20) years.

8. Due to the regular need for bunkers (*i.e.* fuel) for time chartered container vessels engaged in the trade, Plaintiff regularly contracts for the purchase of bunkers from bunker suppliers/traders in the region. One of the regular companies which Plaintiff purchases fuel from is Island Petroleum Limited, with an address at 145-149 Chr. Hadjipaviou Str., Christiel Building, 2d Floor, Limassol 3036, Cyprus.

9. Pursuant to a bunker supply contract, Island Petroleum Limited supplied bunkers to the M/V ADMIRAL GALAXY at the port of Haifa on or about October 11, 2021.

10. This contract is a maritime contract.

11. Island Petroleum Limited sent invoice no. 009/21-962 with an issue date of October 18, 2021 and a due date of November 10, 2021. The total amount due and owing for the bunkers supplied to the vessel were $253,120.00.

12. Shortly thereafter, an unknown entity and/or individual pursuant to a fraudulent and illegal phishing scheme, posed as Island Petroleum Limited and stated that there were issues with the company's U.S. Dollar bank account and new payment instructions would be forthcoming.

13. The fraudulent scheme included numerous emails posing as Island Petroleum Limited and the fraudulent company/individuals issued a new invoice requesting that payment be made to a U.S. based bank account located at JPMorgan Chase Bank. *A copy of the cover email is attached as Exhibit 1 and a copy of the fraudulent payment instructions is attached hereto as Exhibit 2.*

14. The email and the payment instructions appeared to be legitimate and directed the payment to a U.S. bank account located at JPMorgan Chase Bank N.A. *Id*. Unbeknownst to Plaintiff, the bank account was not associated and/or affiliated with Island Petroleum Limited at all. Rather, it was an elaborate scheme to defraud and steel money from Plaintiff by posing as Plaintiff's legitimate business partner.

15. On November 10, 2021, Plaintiff made a payment to the bank account held by the fraudulent Nena LLC Island Petroleum Inc., located at J.P. Morgan Chase Bank, N.A. *Attached hereto is a true and correct copy of the Payment as Exhibit 3.*

16. A second payment to another fraudulent bank account was requested by the company/individuals posing as Island Petroleum Limited and sent by Plaintiff on or about December 13, 2021.

17. On or about December 20, 2021, the phishing and fraudulent scheme was discovered once Island Petroleum Limited reached out to Plaintiff to inquire as to the status of payment due and owing for the original invoices.

18. Upon investigation, it turned out that the instructions for the JPMorgan Chase Bank N.A. account had come from an email domain located at bunkers@island-0il.com; as opposed to the correct domain of bunkers@island-oil.com. In short, a numerical zero was used to replace the "o" in the domain name and allowed the fraudulent company and individuals to pose as Island Petroleum Inc. to the detriment of Plaintiff. *See* Exhibit 1.

19. Upon further investigation by IT Professionals, it was confirmed that the emails had been sent from an IP address which was unrelated to either Island Petroleum Limited and/or Plaintiff and were indeed fake e-mails for the purposes of completing this fraudulent scheme to intercept and steal funds by posing as Plaintiff's contractual business partner.

20. Attempts were made to recall all funds through Plaintiff's initiating bank, Israel Discount Bank, but all such efforts have been unsuccessful and JPMorgan Chase refused to process the recall request.[1] *See Exhibit 4*.

21. This ruse gives rise to a maritime claim for, *inter alia*, fraud and intentional interference with a maritime contract.

22. On or about December 21, 2021, someone with access to the fraudulent and fake email account admitted that Admiral Container had been the victim of a scheme to defraud Plaintiff and steal the payment which was the property of Plaintiff and was due and owing to the

---

[1] The second transfer was successfully recovered by Plaintiff's initiating bank.

real Island Petroleum Inc. *The email was signed by someone named "Angel" and is attached hereto as Exhibit 5*.

23. Admiral Container has incurred damages in the amount of USD $253,120.00, as a result of the illegal and fraudulent scheme to steal money from Plaintiff.

### RULE B ATTACHMENT AND ISSUANCE OF WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

24. Plaintiff restates and re-alleges the foregoing paragraphs as if fully set forth herein.

25. Defendant XYZ Corporation, upon information and belief, is a fraudulent company with an unknown principal place of business and is not present or cannot be found in the District within the meaning of Supplemental Rule B. *Attached hereto is a copy of the Attorney Declaration of Briton P. Sparkman as Exhibit 6.*

26. Defendants John Does 1-100, upon information and belief, fraudulently pretended to be employees of Island Petroleum Inc. to induce Plaintiff to divert payment from the proper business bank account belonging to Island Petroleum Inc. and provide them to the fraudster's bank account set up at JPMorgan Chase N.A. These individual(s) are not present or cannot be found in the District within the meaning of Supplemental Rule B. *Id*.

27. Notwithstanding the above, Defendants have located within the District certain tangible or intangible personal property which was fraudulently obtained and stolen from Plaintiff which is currently in the hands of a party who may be named garnishee, JPMorgan Chase Bank, N.A., located at 383 Madison Avenue, New York, NY 10179, in the process of maritime attachment and garnishment consisting of debts, credits, or effects including but not limited to amounts owed, due or to become due, accounts, checks, payments held or which may be receivable by said garnishee on behalf of the Defendants.

28. As set forth in Exhibit 3, prior payment by Plaintiff to Defendants was made to JP Morgan Chase Bank, N.A. to an account(s) located within the District.[2]

29. Pursuant to Rule E, an order of attachment is routinely permitted in an amount of 1.5 times the fairly stated claim to cover costs, fees, expenses, and interest. Accordingly, Plaintiff seeks an order of attachment seizing any and all property in the bank account and belonging to the Defendants up to the amount of **USD 380,000.**

## **RULE D ARREST**

30. Plaintiff restates and re-alleges the foregoing paragraphs as if fully set forth herein.

31. As Plaintiff was fraudulently induced to make a wire payment to a bank account that was fraudulently and illegally created for the purpose of defrauding innocent parties such as Plaintiff, Admiral Container has a lawful right to claim title and ownership over the payment totaling USD 253,120.00 currently being held by JPMorgan Chase Bank, N.A.

32. Rule D of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that "actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel, in all actions maintainable with respect to the possession of cargo or other maritime property . . . shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties." Fed. R. Civ. P. Supp. Rule D.

33. The payment for the bunkers against what were believed to be valid invoices issued for a valid maritime bunker supply contract, is maritime property consistent with the meaning of Rule D.

---

[2] Consistent with the Federal and Local Rules, the financial institution bank account number information is redacted on the publicly filed cm/ECF exhibit. Should the Court wish to review an unredacted copy for *in camera* review, Plaintiff would be pleased to provide a copy of same.

6

34. Pursuant to Rule D, Plaintiff is entitled to a warrant for the arrest of the **USD 253,120** that is the subject matter of this lawsuit and located within this District.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Admiral Container prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Verified Complaint;

B. That if Defendants cannot be found within this District, then all of their respective tangible or intangible property within this District, including physical property, or any property in which Defendants have an interest, debts, credits, or effects including but not limited to: bank accounts, checks, documents of title, shares of stock or other financial instruments, and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the Defendants in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. That if Defendants fail to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendants in the sum of **USD 380,000** and the proceeds of the assets attached be applied in satisfaction thereof;

D. For an order directing JPMorgan Chase Bank, N.A. to hold the Subject Funds until the conclusion of this action or until Ordered by this Honorable Court;

E. That a Warrant of Arrest in due form of law and according to the practice of this Honorable Court in cases of admiralty or maritime jurisdiction may issue herein against the Defendant *in rem*, **USD 253,120,** held by JPMorgan Chase Bank, N.A., pursuant to Supplemental Rule D, and all persons claiming an interest therein may be cited to appear and answer the matter aforesaid;

F. For an order issuing that Plaintiff is entitled to possession of the Subject Funds;

G. For judgment in favor of Plaintiff and enter an order confirming Plaintiff's right to possession of the Subject Funds;

H. That the Court grant Plaintiff such other and further relief as it deems just, equitable and proper.

Dated: December 27, 2021      Respectfully submitted,
    Oyster Bay, New York

                 CHALOS & CO, P.C.

            By: /s/ Briton P. Sparkman
               George M. Chalos, Esq. (GC-8693)
               Briton P. Sparkman, Esq. (BS-5220)
               Melissa Patzelt-Russo (MR-8150)
               55 Hamilton Ave.
               Oyster Bay, NY 11771
               Tel: (516) 714-4300
               Fax: (866) 702-4577
               Email: gmc@chaloslaw.com
                   bsparkman@chaloslaw.com
                   mrusso@chaloslaw.com

               *Attorneys for Plaintiff*
               *Admiral Container Lines of Malta*