```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADMIRAL CONTAINER LINES OF MALTA.,           :
                                             :
              Plaintiff,                     :
                                             :
vs.                                          :    Case No.
                                             :
USD 253,120, in rem,                         :
held by J.P. MORGAN CHASE BANK, N.A.,        :
383 Madison Avenue                           :
New York, NY 10179;                          :
XYZ CORPORATION; AND JOHN DOES 1-100,        :
                                             :
              Defendants.                    :
                                             :
------------------------------------------------------------------X
```

## ATTORNEY DECLARATION OF BIRTON P. SPARKMAN, ESQ.

Pursuant to 28 U.S.C. §1746, this affidavit is executed by Briton P. Sparkman, Esq., counsel for the Plaintiff Admiral Container Lines of Malta ("Plaintiff"), in order to secure the issuance of an Order and Process of Maritime Attachment and Garnishment in the above-captioned admiralty action, hereby declares under the penalty of perjury:

I am an attorney with the firm of Chalos & Co, P.C. and am admitted to practice in the Southern District of New York.

I am familiar with the circumstances of the Verified Complaint, and I submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of the Defendant *in rem*, USD 525,620, Defendant XYZ Corporation, and Defendants John Does 1-100 (hereinafter collectively referred to as "Defendants"), and in support of Plaintiff's request for attachment of property of Defendants, to wit, Defendants' bank account(s) at JPMorgan Chase Bank, N.A., pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

1

I have personally inquired or have directed inquiries into the presence of Defendants in this District.

Attorneys under my direction have engaged in a search of the office of the New York Secretary of State, using the Secretary of State's database, and have determined that, as of December 27, 2021, Defendants are not incorporated pursuant to the laws of the New York, have not registered to do business in the the New York, and have not nominated any agent for the service of process within the the New York.

Attorneys under my direction have engaged in a search of the Superpages telephone directory on the internet, and determined that there are no telephone listings or addresses for Defendants within this District.

Attorneys under my direction have engaged in a Google search as to whether Defendants can be located within this District. The Google search results did not provide any information that Defendants can be located in the District.

I am unaware of any general or managing agent(s) for Defendants within this District.

In that I have been able to determine that Defendants have not appointed an agent for service of process within the the District of Columbia and that I have found no indication that Defendants can be found within this District for the purposes of Rule B. I have formed a good faith belief based on the investigation of the attorneys under my direction that Defendants do not have sufficient contacts or business activities within this District and do not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon an investigation performed by attorneys under my direction that Defendants cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: December 27, 2021

By: /s/ Briton P. Sparkman
Briton P. Sparkman, Esq.