CHALOS & CO. P.C.
International Law Firm
55 Hamilton Avenue, Oyster Bay, New York 11771
TEL: +1-516-714-4300  FAX: +1-516-750-9051  WEB: www.chaloslaw.com  EMAIL: info@chaloslaw.com

**February 14, 2022**

*Via ECF*

Hon. Paul A. Crotty
U.S. District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007
Email: CrottyNYSDChambers@nysd.uscourts.gov

Re:    Admiral Container Lines of Malta v. USD 253,120, *in rem, et al*.
       Case No. 1:21-cv-11069-PAC

Dear Judge Crotty -

We are counsel for Plaintiff Admiral Container Lines of Malta (hereinafter "Plaintiff" or "ACL"). Consistent with Your Honor's individual practices, Plaintiff respectfully requests leave to file a motion seeking issuance of a subpoena for the production of documents addressed to garnishee J.P. Morgan Chase Bank, N.A. Plaintiff is also available for a pre-motion conference should the Court request same.[1] In support thereof, Plaintiff would respectfully show the following to the Court.

On December 23, 2021, Plaintiff filed a Verified Complaint pursuant to 28 U.S.C. 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule B of the Admiralty Rules setting forth Plaintiff's claim for damages in the amount of no less than USD 253,120, plus interest, costs and attorney fees. *See* DE 1. Consistent with Rule B, J.P. Morgan Chase was served as garnishee and responded to the writ and interrogatories timely consistent with Supplemental Rule B(1). JPMorgan Chase confirmed in response to the interrogatories that there are documents and records related to the establishment of the fraudulent bank account in its possession, custody and control; but that pursuant to internal procedures such records cannot be released except pursuant to subpoena or Court Order.

---

[1] Plaintiff would respectfully request the conference if required to take place via telephone or video conference.

1



CHALOS & CO. P.C.
International Law Firm

Based on the initial responses from J.P. Morgan Chase, at least two (2) individuals associated with the creation of the fraudulent bank account are believed to be residents of Texas. Plaintiff intends to pursue civil and/or criminal remedies against the previously unknown John Doe Defendant(s). J.P. Morgan Chase is in possession of specific documentation and information, including but not limited to, driver's licenses; application documents; tax identification numbers, and other bank records which could prove critical to Plaintiff's pursuit of its recovery of the stolen property obtained through the fraudulent bank account scheme.

Accordingly, Plaintiff respectfully requests leave to file a motion in support of issuance of an Order authorizing pre-Rule 26(f) discovery, *to wit*, service of a subpoena on J.P. Morgan Chase pursuant to Fed. Rule Civ. P. Rule 45. Courts have held that Fed. R. Civ. P. Rule 26(d) permits expedited discovery upon a showing of good cause. *See, e.g., Pod-Ners,LLC v. Northern Feed & Bean*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Revlon Consumer Products Corp. v. Jennifer Leather Broadway, Inc*., 858 F. Supp. 1268, 1269 (S.D.N.Y. 1994)(Cederbaum, J.), *aff'd,* 57 F.3d 1062 (2d Cir. 1995); Fed. R. Civ. P. 26 Adv. Comm. Notes (1993 amendments to subdivision (d)). Here, the garnishee bank has confirmed that it is in possession of specific and relevant information which would warrant the issuance of subpoena to track down the specific details of the individual(s) and entity(s) that defrauded Plaintiff. No Defendant has appeared in the action and the requested relief is not anticipated to be opposed by any interested party.

It is respectfully requested that leave be granted to file a motion for the issuance of a subpoena to obtain this necessary discovery. Plaintiff can (and will) file the motion within seven (7) days of the Court's Order authorizing leave to file. In advance we thank the Court for its time and consideration of this request.

Respectfully submitted,

Chalos & Co, P. C.

Briton P. Sparkman, Esq.

2